UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-584 (CEJ) |
| | ) | |
| PHILIP DENNIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for summary judgment. Defendant has not responded to the motion, and the time allowed for doing so has expired.

### I.    Background

Defendant Philip Dennis executed promissory notes to secure William D. Ford Direct Loans pursuant to Title IV-B of the Higher Education Act of 1965, 20 U.S.C. §§ 1087a *et seq.* Specifically on September 24, 1996, August 15, 1997, and October 23, 1997 defendant executed promissory notes to secure loans. The total principal due on these loans as of July 11, 2011 is $38,362.50, plus interest in the amount of $8,578.55. On August 24, 1998 and November 16, 1998 defendant again executed promissory notes to secure loans. The principal of the 1998 loans totals $21,250.57 with interest in the amount of $3,603.94. All promissory notes at issue have been assigned to the United States pursuant to 20 U.S.C. §1071(a)(1)(D); 34 C.F.R. §682.409. Demand has been made by the U.S. Department of Education for payment of these loans. Defendant defaulted on the loans on February 15, 2005, and the loans remain unpaid.

## II.    Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

## III.    Discussion

As required by the local rules of this court, plaintiff has submitted a statement of undisputed material facts in support of the motion for summary judgment.  Plaintiff identified the following facts as undisputed: that defendant executed promissory notes to secure his student loans, that defendant owes the previously specified balances of

principal and interest, that demand has been made by the Department of Education for payment of the loans, that defendant defaulted on the loans, and that the loans remain unpaid.  Defendant has not filed a response in opposition and, therefore, all "matters set forth in the statement [are] deemed admitted for purposes of summary judgment."  E.D. Mo. L.R. 4.01(E).  In addition to its statement of material facts, plaintiff submitted the promissory notes executed on September 24, 1996, August 15, 1997, October 23, 1997, August 24, 1998, and November 16, 1998 (Ex. 1-3; 5-6), as well as two certificates of indebtedness from the U.S. Department of Education (Ex. 4; 6).

It is evident from plaintiff's statement of facts and supporting exhibits that there is no material fact in dispute.  Summary judgment may be granted when a defendant does not deny borrowing federally insured student loan money, has defaulted, and has never made voluntary payments towards those loans.  See United States v. Green, 49 Fed.Appx. 87 (8th Cir. 2002).  In this case, it is undisputed that defendant owes, and has not paid, the amounts listed in the complaint.

In his answer, defendant denied some of plaintiff's allegations, and indicated his intention to assert defenses of fraudulent inducement and misrepresentation. However, defendant never properly raised any defense, and the denials in defendant's pleadings are insufficient to prevent the grant of summary judgment for plaintiff.  See United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006); see also United States v. Kenealy, 646 F.2d 699, 706 (1st Cir. 1981) ("Rule 56(e) makes clear that parties opposing motions for summary judgment may not rest upon the mere allegations or denials of their pleading but rather must set forth specific facts showing that there is a genuine issue for trial.") (internal quotations omitted).

-3-

## IV.  Conclusion

Plaintiff has demonstrated that there is no genuine issue of material fact in dispute, and defendant has failed to set forth any facts to show otherwise.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [Doc. # 13] is **GRANTED**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2013.